UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC,<br>*Plaintiff*<br><br>VS.<br><br>BLANCA ORELLANA, SAUL TOBAR, AND ILDA TOBAR ORELLANA, individually and as representatives of the estate of JOSE TOBAR, and THOMAS J. HUGHES D/B/A TLC ROOFING AND CONSTRUCTION,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:24-CV-00051<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff PREFERRED CONTRACTOR'S INSURANCE COMPANY RISK RETENTION GROUP, LLC ("PCIC") files this Complaint for Declaratory Judgment against THOMAS J. HUGHES D/B/A TLC ROOFING AND CONSTRUCTION ("TLC Roofing") and BLANCA ORELLANA, SAUL TOBAR, and ILDA TOBAR ORELLANA, individually and as representatives of the estate of JOSE TOBAR (collectively "the Tobars"), and would respectfully show the Court as follows:

### **NATURE OF THE SUIT**

1. This is a declaratory judgment action, based on diversity jurisdiction, whereby Plaintiff seeks a declaration of legal rights concerning coverage under a Commercial General Liability Policy. This action seeks to determine if there is coverage under PCIC's policy issued to TLC Roofing arising out of the lawsuit brought by the Tobars, in connection with the bodily injuries to Jose Tobar resulting from a fall. Specifically, PCIC seeks a judicial declaration that

PCIC has no duty to defend or indemnify TLC Roofing in the lawsuit styled *Blanca Orellana, Saul Tobar and Ilda Tobar Orellana, individually and as representatives of the estate of Jose Tobar v. TLC Roofing Services, LLC and Thomas J. Hughes d/b/a TLC Roofing & Construction, Thomas J. Hughes and Michelle Hughes* under case number 23-C-3835 in the County Court at Law No. 1 in Ellis County, Texas. ("Underlying Lawsuit")

## JURISDICTION AND SERVICE OF PROCESS

2. This Court has jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. §1332, for civil actions between citizens of different states.

3. PCIC is a limited liability company formed under the laws of the State of Montana, with its principal place of business at 27 North 27th Street, Suite 1900, Billings, Montana 59103. PCIC has five individual members. Three of those members are citizens of the State of California. Two are citizens of the State of Montana. Therefore, it is a citizen of the states of Montana and California.

4. THOMAS J. HUGHES d/b/a TLC ROOFING and/or TLC ROOFING AND CONSTRUCTION is an individual residing and doing business in Ellis County, Texas. Therefore, he is a citizen of Texas for purposes of federal court jurisdiction. He may be served with process at 1303 Crestridge St, Ennis, Texas, 75119, or wherever he may be found.

5. BLANCA ORELLANA is an individual who is a citizen and resident of Tarrant County, Texas. Therefore, she is a citizen of Texas for purposes of federal court jurisdiction. She may be served with process at 3100 North Houston St., Fort Worth, Texas 76106, or wherever she may be found.

6. SAUL TOBAR is an individual who is a citizen and resident of Tarrant County, Texas. Therefore, he is a citizen of Texas for purposes of federal court jurisdiction. He may be

served with process at 3100 North Houston St., Fort Worth, Texas 76106, or wherever he may be found.

7. ILDA TOBAR ORELLANA is an individual who is a citizen and resident of Grayson County, Texas. Therefore, she is a citizen of Texas for purposes of federal court jurisdiction. She may be served with process at 3100 North Houston St., Fort Worth, Texas 76106, or wherever she may be found.

## VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because at least one defendant resides within this District and within this Division.

## FACTUAL BACKGROUND

9. This action arises out of a present controversy between PCIC and TLC Roofing regarding the duties of PCIC to defend or indemnify TLC Roofing in the Underlying Lawsuit.

10. The Underlying Lawsuit alleges that on or about May 11, 2022, Jose Tobar was working on a project in Ennis, Ellis County, Texas. It further alleges that TLC Roofing controlled and directed the work and construction project located at 700 Williamsburg Drive, Ennis Texas and hired, employed, directed or controlled Jose Tobar to perform construction work at this location. The Underlying Lawsuit alleges that during the course and scope of his work, Jose Tobar fell from the roof of the property to the ground below. As a result, Jose Tobar was injured and died.

11. The Tobars have asserted causes of action against TLC Roofing for negligence, wrongful death, and for recovery under the Texas Survival Statute. They allege, among other things, that TLC failed to provide proper warnings, secure or make safe the worksite, provide a

safe environment, and provide the necessary instrumentalities, and/or supervision and/or equipment for Jose Tobar to work safely.

12. PCIC is currently defending TLC Roofing in the Underlying Lawsuit under a full and complete reservation of rights.

## THE INSURANCE POLICY

13. PCIC issued a commercial general liability policy to TLC Roofing, numbered PCCM420812, with an effective policy period from December 31, 2021, through December 31, 2022 (the "Policy"). Each of the Policy's provisions discussed below independently exclude PCIC from any duty to defend and indemnify TLC Roofing in the Underlying Lawsuit.

14. The coverage provided by the Policy is subject to the following Employer's Liability exclusion found under Section II, Common Policy Exclusions:

> II. **COMMON POLICY EXCLUSIONS**
> The following exclusions apply equally to Coverage A and Coverage B:
> This insurance does not apply to:
>
> \*   \*   \*
>
> b. **Employer's Liability**
> Notwithstanding the provisions of Section V Commercial General Liability Conditions, Paragraph 7, Separation of Insureds:
> (1) "Bodily Injury", "property damage", or "advertising injury" to any "employee" of any insured or the "employee" of any contractor or subcontractor working or providing materials or services directly or indirectly on any insured's behalf arising out of and in the course of:
> (i) employment by the insured; or
> (ii) performing duties related to the conduct of the insured's business or the business of any contractor or subcontractor working directly or indirectly on the insured's behalf.
> (2) The spouse, child, parent or sibling of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies:

    (i)  Whether the insured may be liable as an employer or in any other capacity; and

    (ii)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

15. The Underlying Lawsuit alleges that TLC Roofing "hired, employed, directed or controlled" Jose Tobar [sic] to perform construction work" at the job site. It further alleges that "[d]uring the course and scope of his work" for TLC Roofing, Jose Tobar fell from the roof of the property and sustained bodily injuries.

16. The Employer's Liability exclusion precludes coverage for bodily injury to any employee of TLC Roofing or the employee of any contractor or subcontractor working or providing services directly or indirectly on TLC Roofing's behalf. Because the Underlying Lawsuit alleges that Jose Tobar sustained bodily injury within the course and scope of his work as an employee of TLC Roofing, the claims in the Underlying Lawsuit are conclusively barred by the Employer's Liability exclusion. Therefore, PCIC has no duty to defend or indemnify TLC Roofing pursuant to the Employer's Liability exclusion.

17. Further in the event that the Tobars amend their allegations in the Underlying Lawsuit to allege that Jose Tobar was not an employee of TLC Roofing, the claim would still be excluded. Whether Jose Tobar sustained bodily as an employee of TLC Roofing or of a subcontractor of TLC Roofing, the claims in the Underlying Lawsuit are excluded from coverage by the Employer's Liability exclusion.

18. Moreover, the clear intent of the parties to the Policy was that it would not provide coverage for any on-the-job injuries of any kind regardless of the injured worker's employment status or relationship to the insured. Therefore, in addition to the Employer's Liability exclusion, the Policy also contains the following Action Over exclusion found under Section 1, Coverage A:

  2. **Exclusions**

      This insurance does not apply to:

                    *        *        *

    b.    **Action Over**

Any "claim" or "suit" arising out of or related to any "bodily injury" or "property damage" sustained by any general contractor(s), subcontractor(s), independent contractor(s), their employees, volunteer workers, temporary workers, day laborers, leased workers, or any persons or companies who are affiliated with such persons or entities, who provide work or products on job sites where the insured provides work, products or services as a contractor or subcontractor. This exclusion applies whether or not the persons or entities making such claims are hired, or retained by the insured on the site where the claim(s) or suit(s) arise. This exclusion applies whether or not the insured has agreed orally or in writing to defend or indemnify, or to assume the liability, of any person or entity for any such claim(s) or suit(s) under a contract. This exclusion shall apply whether "claim" or "suit" is brought directly against the insured, or the insured is made party to such "claim" or "suit" by impleader, joinder, third-party action, or otherwise.

This exclusion applies whether or not:
(1) the "bodily injury" constitutes a "grave injury" as defined by any state or federal law, including but not limited to any Workers' Compensation laws;
(2) you are required by contract, regulation or law to be insured under a workers' compensation policy providing coverage for claims arising from injuries to employees. This exclusion also applies to "bodily injury" or "property damage" sustained or allegedly sustained by any insured, the spouse, child, parent, brother or sister, of any employee of any insured or of any employee of any contractor or subcontractor working for or on behalf of any insured.

19. The Policy's Action Over exclusion precludes coverage for "bodily injury" regardless of the Jose Tobar's employment status or relationship to TLC Roofing so long as he was injured while providing work on job sites where TLC Roofing was providing work or services. Because the Underlying Lawsuit alleges that Jose Tobar was injured "during the course and scope of his work" at the project site where TLC provided work or services, the claim is also excluded from coverage by the Action Over exclusion. Therefore, PCIC has no duty to defend or indemnify

TLC Roofing pursuant to the Action Over exclusion, regardless of the nature of Jose Tobar's employment relationship with TLC Roofing.

20. The coverage provided by the Policy is also subject to the following Fall from Heights exclusion found under Section 1, Coverage A:

> 2. **Exclusions**
> This insurance does not apply to:
>
> \*     \*     \*
>
> ai. **Fall from Heights**
> "Bodily injury" sustained by any person, whether working or not, arising out of, resulting from, caused by, contributed to by, alleged to be, or in any way related to, in whole or in part, from a fall from heights. For purposes of this exclusion, a "fall from heights" shall be defined as a fall of any person or object from any elevation where there is any height differential between surfaces, whether involving a fall, trip, slip, or jump of any person, or tipping, tilting, falling or other movement of any object. This exclusion extends to the fall of an object or a person causing, contributing to, alleged to be, or in any way relating to, in whole or in part, to any claim for any "property damage", or "bodily injury" to any person.

21. The Policy's Fall from Heights exclusion applies to exclude coverage for "bodily injury" caused by, in whole or part, a fall from heights. The definition of a "fall from heights" includes a fall of any person from any elevation where there is a height differential between surfaces. The Underlying Lawsuit alleges that "Jose Tobar fell from the roof of the property. As a result, Jose Tobar was injured and died." By definition, a "fall from heights" includes Jose Tobar's fall from the roof of the property, as there is a height differential between the roof and the surface he landed on. Therefore, PCIC has no duty to defend and indemnify TLC Roofing in the Underlying Lawsuit because the allegations against it fall entirely within the Fall from Heights exclusion.

22. The coverage provided by the Policy is also subject to the following Non-Compliance with Safety Regulations exclusion found under Section II, Common Policy Exclusions:

> **II.  COMMON POLICY EXCLUSIONS**
> The following exclusions apply equally to Coverage A and Coverage B:
> This insurance does not apply to:
>
> \*   \*   \*
>
> l.  **Non-Compliance with Safety Regulations**
> "Bodily injury", "property damage" or "personal and advertising injury arising out of, alleged to be, or in any way related to any work of any insured, or any contractor or subcontractor (including material suppliers) working for or on behalf of any insured, that does not meet federal, state, or local laws, rules, regulations, or standards, including but not limited to standards promulgated by the Occupational Safety and Health Administration (OSHA), and any and all similar laws, rules regulations and standards. For the purpose of this exclusion, if the insured is cited and fined by OSHA or any similar regulatory agency for a violation of any federal, state, or local laws, rules, regulations, or safety standards related to the "occurrence" giving rise to the purported damage or injury, the insured shall be deemed to have not met the applicable standard as set forth above.

23. The Underlying Lawsuit alleges that Jose Tobar sustained injuries due to TLC Roofing's failure to, among other things, "provide proper training and instruction to its employees or contractors," "provide proper warnings," and "provide proper fall protection such as a guardrail system, a safety net system, or a personal fall arrest system."

24. The Policy's Non-Compliance with Safety Regulations exclusion precludes coverage for "bodily injury" in any way related to work that does not meet federal, state, or local laws, rules, regulations, or standards, including but not limited to standards promulgated by OSHA. To the extent Jose Tobar's injuries were in any way related to any failure to comply with

all federal, state, or local laws, rules, regulations, and standards, the claims in the Underlying Lawsuit are excluded by the Non-Compliance with Safety Regulations exclusion.

25. Finally, coverage under the Policy subject to the following Claims-Made and Reported Limitation endorsement:

### CLAIMS-MADE AND REPORTED LIMITATION

**THIS ENDORSEMENT PROVIDES THAT THE POLICY PROVIDES COVERAGE ONLY ON A CLAIMS-MADE AND REPORTED BASIS. READ THE POLICY AND THIS ENDORSEMENT CAREFULLY TO DETERMINE RIGHTS, DUTIES AND WHAT IS AND IS NOT COVERED.**

To the extent that any provision of the policy conflicts or varies from this Endorsement, the terms, conditions, and provisions set forth in this Endorsement shall control, govern, and supersede the conflicting or varying provision(s) of the policy.

This policy does not provide continuous coverage for any insured. A renewal policy may be issued, but each policy will be deemed to stand alone as a single policy, affording no continuous coverage.

The INSURING AGREEMENT of this policy is hereby amended as follows:

> The following Paragraph "d" is added to the Insuring Agreement, **SECTION I – COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**
>
> **d.** In addition to the foregoing, this policy shall apply only to claims first made against the Insured and reported to us in writing during the policy period. Coverage under this policy will only apply to claims made against the insured and reported to us on or after the policy inception date and prior to the policy expiration date as shown on the Declarations page(s), subject to the extended reporting period provided below. If prior to the effective date of this policy, any insured had a reasonable basis to believe a claim may arise, then this policy shall not apply to such claim or any related claim.
>
> As a condition precedent to any coverage (defense or indemnity) under this Policy, You must give written notice to the Company of any claim as soon as practicable, but in all events no later than:
>
>> (a) the end of the Policy Period; or
>> (b) 60 days after the end of the Policy Period so long as such "Claim" is made within the last 60 days of such Policy Period.

\*    \*    \*

>   Except as set forth above, all of the terms, conditions and exclusions of this policy apply and remain in effect.

26.    The Policy's Claims-Made and Reported Limitation endorsement requires, as a condition to coverage, that TLC Roofing provide written notice of the claim to PCIC at the end of the policy period or 60 days after the end of the policy period. The policy period was from December 31, 2021, through December 31, 2022. However, TLC Roofing first notified PCIC of this claim on or about October 24, 2023 (over nine months after the expiration of the policy period). Therefore the claims in the Underlying Lawsuit are excluded by the Claims-Made and Reported Limitation endorsement. Accordingly, PCIC has no duty to defend or indemnify TLC Roofing in the Underlying Lawsuit.

## **CLAIM FOR DECLARATORY RELIEF**

27.    A dispute has arisen between PCIC, on the one hand, and TLC Roofing on the other, with respect to whether the claims against TLC Roofing in the Underlying Lawsuit come within coverage of the commercial general liability policy issued by PCIC to TLC Roofing.

28.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., PCIC hereby requests that this Court declare the rights and obligations of the parties with respect to such Policy and the Underlying Lawsuit. Specifically, PCIC seeks a declaration that it owes no duty to defend or indemnify TLC Roofing from the claims against it in the Underlying Lawsuit.

29.    The Tobars, as plaintiffs in the Underlying Lawsuit, potentially have an interest in the subject matter of this claim for declaratory relief. As such they may be joined as parties who may have an interest in the declaration.

## CONDITIONS PRECEDENT

30. All conditions precedent to PCIC securing such declaratory relief have been performed or have occurred

## PRAYER FOR RELIEF

31. PCIC hereby prays that this Court declare the rights and liability of the parties to this case, and specifically prays that this Court declare that PCIC owes no duty to defend or indemnify TLC Roofing from the claims in the Underlying Lawsuit, for recovery of its attorney's fees and costs, and for such other and further relief to which PCIC shows itself justly entitled.

Respectfully submitted,

By: /s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart
Attorney-In-Charge
State Bar No. 00789398
Federal Bar No. 1759

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Tel
(713) 951-9920 - Fax

ATTORNEY FOR PLAINTIFF
PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC